## Reeves Bank v. Dorsch

*Edward S. Young,* for motion.

SALMON, *J.*, December 30, 1975—This is an action in replevin to recover possession of a certain Baldwin organ apparently purchased by defendants under a written retail installment contract and security agreement which was assigned by the seller to plaintiff-bank. The complaint was served

on defendants along with a motion for ex parte issuance of a writ of seizure and notice of hearing upon such issuance in accordance with the applicable Pennsylvania Rules of Civil Procedure. The writ of seizure was authorized, plaintiff filed an affidavit of value and its bond with corporate surety and the sheriff seized possession of the organ. Neither defendant has caused any appearance to be entered nor attended the hearing. Service of said papers was made on December 3, 1975, and on December 30, 1975, plaintiff's counsel presented a motion for judgment against defendants for failure to appear or plead. The motion for default judgment was granted on said date.

This memorandum opinion is written because plaintiff also requested an order directing the prothonotary to release plaintiff's replevin bond. We believe we are without authority to enter such an order of release.

The replevin bond was given in apparent compliance with Pa. R. C. P. 1073(a) (2) which, prior to its being amended and rewritten in 1975, provided as follows:

" . . . the plaintiff's bond in double the value of the property, with security approved by the prothonotary, naming the Commonwealth of Pennsylvania as obligee, conditioned that if the plaintiff fails to maintain his right of possession of the property, he shall pay to the party entitled thereto the value of the property and all legal costs, fees and damages sustained by reason of the issuance of the writ."

The bond in this case is under seal and is of the type of instrument sometimes called a specialty. Such instruments are expressly excluded from the Pennsylvania statute governing limitation of actions: Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12

P.S. §31. The only limitation upon the time in which action may be brought upon such an instrument is the presumption of payment which arises after 20 years; 22 P. L. E., Limitation of Actions, §26. However, the legislature of Pennsylvania by the Act of April 19, 1901, P. L. 88, sec. 10, as amended, 12 PS §1844, has provided that no action may be brought upon such a bond given in a replevin action unless commenced within a year and a day after the final determination of the suit in which the bond was given.

We observe that, under the above-quoted Rule of Civil Procedure, as well as under the statutory provision which preceded it, the bond is given not only to secure the right of possession of the property replevied but also for the value of such property and all legal costs, fees and damages sustained by reason of the issuance of the writ. Although a default judgment has now been entered in favor of plaintiff for the goods, it is readily conceivable that defendants may have an equitable basis on which to apply to the court for an opening or setting aside of said judgment or, for that matter, to appeal from the default judgment which was entered. We think that under the existing law the bond may not be terminated by us until the prescribed period of a year and a day has passed.

We suggest there is an especially strong reason for the conclusion we have reached where, as here, there has been no determination of the merits of the case by litigation and where defendants have neither caused an appearance to be entered nor attended any of the court proceedings, and where the judgment has been entered solely by default.

For a further discussion of the general problem, although under a different factual situation, and

for citation of cases, see Heavy Equipment Finance v. Murdock, 34 Beaver 76, 68 D. & C. 2d 61 (1974).

### ORDER

And now, December 30, 1975, plaintiff 's motion to terminate and return to plaintiff its replevin bond is denied.